**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO**

ALVIN BURDEN, IRIC BURDEN,
JOHN BURDEN, and WILLIAM BURDEN,

      Plaintiffs,

v.                                                      No. CIV-04-1082 JH/WDS

CATRON, CATRON, & POTTOW, a professional
corporation, and FORREST S. SMITH,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on *Defendants' Motion to Dismiss for Failure to State a Claim.* [Doc. No. 4] After a careful review of the law, the pleadings and the argument of the parties, the Court concludes that the motion to dismiss should be denied.

**BACKGROUND**

This case arises from an invalid bequest in the Will and Last Testament of Taylor Stanley, Jr. ("the Will"). In 1997, Forrest S. Smith of the law firm Catron, Catron & Pottow ("Catron") prepared and executed the Will. Complaint, at ¶ 6. Taylor Stanley, Jr. passed away in 2003. *Id*., at ¶ 5. The Will contained, *inter alia*, a provision creating a life estate in the proceeds of a family trust for Taylor Stanley, Jr.'s daughter Betsy (Fern Evans). *Id.*, Exhibit A, p. 6. Upon Betsy's death, the remainder of the estate would be distributed to Betsy's issue. *Id.* at 7. In the event that Betsy died without issue then the "corpus and accrued income" passed to Taylor Stanley, Jr.'s step-son Berry (Alvin Burden). *Id.* In the event Berry was not living at the time of Taylor Stanley, Jr.'s death, the corpus

1

passed to Berry's issue. *Id.* However, this bequest is limited by the will of Ethan B. Stanley, Taylor Stanley, Jr.'s grandfather. *Id.* p. 2, ¶ 7. Ethan Stanley's will created the trust referenced in the Will. Under the terms of that trust, Taylor Stanley, Jr. had a right to proceeds of the trust during his lifetime and a limited power of appointment to give his portion of the trust to his issue. *Id.* Plaintiffs contend that Taylor Stanley, Jr.'s bequest of trust funds to Alvin Burden is invalid because Alvin Burden is not "issue" of the decedent, but rather an unadopted step-child, thus rendering the provision null and void. *Id.* at ¶ 5. Plaintiffs' claims are based on the theory that Forrest S. Smith should have known that the contingent interest in the grandfather's trust was null and void and should have advised Taylor Stanley, Jr. of this limitation so that he could have left Burden money from outside the trust. *Id.* at 8-9; Motion to Dismiss, at ¶ 2-3.

Plaintiffs Alvin Burden and his natural sons Iric, John, and William Burden filed this legal malpractice action seeking damages for the "probable, or percentage chance, value of a bequest or gift...that Taylor would have provided in his Last Will and Testament or subsequent codicil in lieu of the likely value of the remainder of the corpus of the Ethan B. Stanley trust." Complaint at ¶ 9. Defendants filed a Motion to Dismiss the Complaint for failing to state a claim upon which relief can be granted.

## **LEGAL STANDARDS**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) "admits all well-pleaded facts in the complaint as distinguished from conclusory allegations." *Elliott Indus. Ltd. Partnership v. BP Amer. Prod. Co.*, 407 F.3d 1091, 1107 (10th Cir. 2005)(quoting *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir. 1976)). The court assumes the plaintiff's allegations to be true. *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). The complaint should be dismissed when it appears that the

plaintiff "cannot prove facts entitling him to relief," *id.,* and an opportunity to amend would be futile. *Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999).

## DISCUSSION

To establish a cause of action for legal malpractice a plaintiff must prove three elements: "(1) the employment of the defendant attorney; (2) the defendant attorney's neglect of a reasonable duty; and (3) the negligence resulted in and was the proximate cause of the loss." *Richter v. VanAmberg*, 97 F.Supp.2d 1255, 1261 (D.N.M. 2000)(Kelly, J., sitting by designation); *Sharts v. Natelson*, 118 N.M. 721, 724, 885 P.2d 642, 645 (1994); *George v. Caton*, 93 N.M. 370, 373, 600 P.2d 822, 825 (Ct. App. 1979). A breach of contract claim similarly requires the plaintiff to prove a causation of damages. *American Indian & Alaska Native Culture & Arts Development Institute v. Daymon & Assoc.*, Civ. No. 98-1192 JC/WWD (D.N.M Aug. 24, 1999 )(unpublished slip op.).

New Mexico courts rely upon a two-step approach to determine when a cause of action for legal malpractice accrues. *Sharts v. Natelson*, 118 N.M. 721, 724, 885 P.2d 642, 645 (1994). Generally, the cause of action does not accrue until there is actual loss or damages to the plaintiff. *Jaramillo v. Hood,* 93 N.M. 433, 434, 601 P.2d 66, 67 (1979). A plaintiff's damages must be "ascertainable and discoverable."[1] *Id., see also, Transamerica Ins. Group v. Wells*, Civ. No. 89-0899 SC (D.N.M. Dec. 16, 1990)(unpublished slip op.). Further, a plaintiff may suffer injury through the loss of a legal right even if he has not yet ascertained the amount of his damages. *Sharts*, 118 N.M.

---

[1] The statute of limitations begins to run in a legal malpractice case "when (1) the client sustains actual injury and (2) the client discovers, or through reasonable diligence should discover the facts essential to the cause of action." *Sharts*, 118 N.M. at 645. In *Sharts*, the court used the words 'damages' and 'injury' interchangeably to mean "'the loss of a right, remedy or interest, or the imposition of a liability.'" *Id.* at 646; *see also, Brown v. Behles & Davis*, 135 N.M. 180, 183, 86 P.3d 605, 608 (Ct. App. 2004).

at 646. Injury may also consist of consequential or incidental damages, such as attorneys fees and costs, that result from the attorney's alleged malpractice. *Id.*

Defendants argue that Plaintiffs' claims are not ripe for determination because Plaintiffs are claiming damages based on a contingent interest that might never be realized and thus, are speculative. Motion to Dismiss, pp. 1, 5-6. The Defendants characterize the Plaintiffs' claims as a request to the "Court to speculate that *if* a series of events occur, they will be wrongfully denied their share of a family trust due to attorney negligence." *Id.* at 7. However, as Plaintiffs point out, that is not the nature of their claim. Plaintiffs' Response to Defendants' Motion to Dismiss, p.1. Rather, Plaintiffs claim that Forrest S. Smith should have recognized the limitations of the grandfather's will and should have advised Taylor Stanley, Jr. so that he could provide a "substitute bequest consistent with the decedent's intention to benefit them." *Id.* at 1, 2. Neither party disputes the fact that Alvin Burden would never benefit from the trust. Response, p. 2.

Assuming the allegations of the Complaint to be true, as the Court must on a motion to dismiss, the Court finds that plaintiff's allegations state a claim sufficient to withstand a motion to dismiss under Rule 12(b)(6). Accordingly, Defendants' Motion to Dismiss should be denied.

In accordance with the foregoing,

**IT IS THEREFORE ORDERED THAT** Defendants' Motion to Dismiss for Failure to State a Claim [Doc. No. 4] is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**